UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JUANA MIRIAM FONTAU,[1]

      Plaintiff,

v.                                          Case No: 5:21-cv-461-BJD-PRL

WARDEN, COLEMAN FEDERAL
PRISON CAMP,

      Defendant.
_____

**ORDER**

Plaintiff, Juana Miriam Fontao, a former federal inmate, initiated this action pro se by filing a complaint for the violation of civil rights under Bivens,[2] related to allegedly inadequate medical treatment Plaintiff received when incarcerated at Coleman Prison Camp in 2008 (Doc. 1). Plaintiff, who paid the full filing fee, served the sole Defendant (Doc. 4), who filed a motion to dismiss or for summary judgment (Doc. 5). When Plaintiff initiated the action, she was advised that she must respond to any motion to dismiss or for summary judgment within twenty-one days. See Order (Doc. 3). And, after Defendant

---

[1] The correct spelling of Plaintiff's last name is "Fontao."

[2] Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

filed the motion, the Court issued a summary judgment notice, again advising Plaintiff of the relevant timeframe in which to respond. See Notice (Doc. 6).

On December 17, 2021, Plaintiff requested more time to respond to Defendant's motion (Doc. 9), which the Court granted, giving Plaintiff until February 7, 2022, to respond (Doc. 10). When Plaintiff did not respond, the Court issued an Order to Show Cause. See Order (Doc. 11). Again, Plaintiff did not respond. The Court's docket reflects the Clerk mailed Plaintiff both Orders (Docs. 10, 11) and neither was returned to the Court as undeliverable. Thus, on March 28, 2022, the Court found dismissal was warranted. See Order (Doc. 12).

Plaintiff now asks the Court to reconsider and vacate its Order dismissing this case (Doc. 14; Pl. Mot.). Plaintiff contends the Court's Order was "baseless" because she was unaware the Court had ruled on her motion for more time to respond to the motion to dismiss or for summary judgment. Pl. Mot. ¶¶ 3, 6.[3]

Plaintiff's motion is due to be denied. First, the motion includes no memorandum of law, contrary to the Court's Local Rules and Standing Order. See M.D. Fla. R. 3.01(a); Order (Doc. 3). Regardless, Plaintiff's request is

---

[3] Plaintiff speculates the Court denied her motion for more time, see Pl. Mot. ¶ 6, but the Court, in fact, granted the request, giving Plaintiff another thirty days to respond to Defendant's motion. See Order (Doc. 10).

meritless. Rule 59 of the Federal Rules of Civil Procedure affords a court discretion to "alter or amend a judgment." Fed. R. Civ. P. 59(e). See also Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000). However, a party seeking relief under Rule 59(e) must show "manifest errors of law or fact" or newly discovered evidence. Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citing In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999)).

Plaintiff does not show manifest errors of law or fact or point to newly discovered evidence that warrants altering or amending the judgment. The Court's docket reflects the Clerk sent Plaintiff a copy of the Court's Order granting her more time to respond to Defendant's motion (Doc. 10) on January 7, 2022, and that Order was not returned to the Court as undeliverable. Neither was the Court's Order to Show Cause returned as undeliverable. Plaintiff offers no evidence showing the contrary. Her self-serving contention that she did not receive the Court's Order is insufficient.

If Plaintiff wants to pursue any cognizable or viable claims against Defendant, she may initiate a new action by filing a new civil rights complaint and paying the filing fee.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion (Doc. 14) is **DENIED**.

2. The **Clerk** shall update the spelling of Plaintiff's last name to "Fontao."

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of May 2022.

                                            BRIAN J. DAVIS
                                      United States District Judge

Jax-6
c:
Juana Miriam Fontao
Counsel of Record